## CHRISTIAN v. GRAY ENDOWMENT.

Circuit Court of Appeals, Fourth Circuit.
July 5, 1929.

No. 2850.

Brockenbrough Lamb, of Richmond, Va., for appellant.

Wirt P. Marks, Jr., of Richmond, Va., for appellee.

Before WADDILL and PARKER, Circuit Judges, and WEBB, District Judge.

WEBB, District Judge. This is an appeal from the finding of the District Court that a sum of money advanced by the Gray Endowment, of Detroit, Mich., to the Gray Plantation School, in Virginia, was not a gift, but a valid claim against the trustee of the bankrupt corporation. The referee, who heard the matter fully and carefully, and the District Judge, who patiently went into the whole matter, both agree that "the real question for decision here is whether the acts and dealings of Paul R. Gray and Helon B. Allen, president of the bankrupt corporation, as related above, amounted to a gift, or to a loan, of the money in controversy, the trustee's contention being that a gift was intended, whereas, claimant, Gray Endowment, is contending that the money was loaned."

We have carefully reviewed all the evidence taken before the referee, the referee's exhaustive report, and the full memorandum opinion of the District Judge, and we are of the opinion that the District Judge was right in holding that the bankrupt estate is indebted to the Gray Endowment in the sum of $49,950, with interest from October 30, 1922. The evidence amply sustains the conclusion that the Gray Endowment never intended the money advanced to the Plantation School to be an out and out gift. As the court and the referee both note, the evidence is in some respects a little mixed, but we think the clear preponderance is in favor of the contention that the money was in all proper respects to be regarded as a loan. It was entirely correct to reject the $25,000 item as a loan, as it is clearly manifest from all the testimony that this amount was an outright gift, and, although it may have been used later for another purpose, this would not change its character as a gift. Paul Gray, who was practically the Gray Endowment because he furnished to it all the money the endowment lent or gave away and also controlled the gifts and loans, testified that Mr. Allen told him that he would see that "I was secured by mortgage on this land." As a matter of fact, the Plantation School did execute a mortgage to the Gray Endowment, with proper formalities, and this mortgage was put on record a few days before the bankruptcy occurred. We think further that the District Court was clearly right in holding that section 5184 of the Virginia Code is not applicable to the mortgage in question, since that section makes void as to creditors whose debts were then in existence a voluntary conveyance; that is to say, a conveyance without consideration. We cannot find evidence sufficient to support the contention that the mortgage was made with intent to hinder, delay, or defraud creditors. The District Court held, and we agree with this holding, that the debt existed at the time the mortgage was given and was for a valuable consideration. The decree of the District Court is therefore affirmed.

Affirmed.